UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROTEGRITY CORPORATION,<br>    Plaintiff,<br><br>    v.<br><br>PRIME FACTORS, INC.,<br>    Defendant. | No. 3:13-cv-01384 (JAM) |

**RULING GRANTING MOTION TO STAY NON-JURISDICTIONAL DISCOVERY**

Defendant's motion [51] is GRANTED in part and DENIED in part, subject to the Court's understanding that defendant seeks a stay of non-jurisdictional discovery until such time as the Court rules upon defendant's motion to dismiss [33] for lack of personal jurisdiction. Federal Rule of Civil Procedure 26(c) permits a district court to stay discovery during the pendency of a motion to dismiss for "good cause." A court may allow jurisdictional discovery to proceed in the service of a motion to dismiss on jurisdictional grounds, while staying nonjurisdictional discovery pending the resolution of that motion to dismiss. *See, e.g.*, *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 674 (S.D. Cal. 2011) (noting that "[w]hen a defendant raises jurisdictional objections, the court may stay discovery proceedings generally and limit discovery to matters relevant to the court's jurisdiction" and that "[c]ourts in other circuits have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending"); *see also Cartier v. D&D Jewelry Imports*, 510 F. Supp. 2d 344, 345 (S.D.N.Y. 2007); *Ginsberg v. Government Properties Trust, Inc.*, 2007 WL 2981683 at *4 (S.D.N.Y. Oct. 10, 2007). Here, there are substantial grounds for Prime Factors' motion to dismiss for lack of

personal jurisdiction: Prime Factors is an Oregon corporation with its principal place of business in Oregon, and—pending further jurisdictional discovery—it does not yet appear that it has contacts, transactions, or activities related to Connecticut so as to subject it to the jurisdiction of this Court. Any prejudice to the plaintiffs from delaying merits discovery is outweighed by the burden of compelling a party who may not be subject at all to this Court's jurisdiction to respond to merits discovery involving a complex claim of patent infringement.

Therefore, the Court hereby orders a stay of all discovery except discovery with respect to personal jurisdiction, pending resolution of Prime Factors' motion to dismiss [33]. Based upon the results of ongoing jurisdictional discovery, the parties shall file briefs on or before October 1, 2014, concerning whether defendant is subject to personal jurisdiction and—if any material factual disputes remain—should be prepared at the hearing on October 8, 2014, to present testimony and/or other evidence with respect to the issue of personal jurisdiction. *See, e.g., Dorchester Fin. Sec., Inc., v. Banco BRJ, S.A.*, 722 F.3d 81, 84-85 (2d Cir. 2013) (per curiam).

It is so ordered.

Dated at Bridgeport this 7th day of August 2014.

/s/
Jeffrey Alker Meyer
United States District Judge